UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROSA MARIA PULIDO,

           Petitioner,

vs.                                     Case No. 2:06-cv-86-FtM-29DNF
                                        Case No. 2:97-cr-9-FTM-29

UNITED STATES OF AMERICA,

           Respondent.
_____/

**OPINION AND ORDER**

This matter comes before the Court on petitioner's "Memorandum in Support of 28 U.S.C. § 2255 and § 2243 or 2254 Motion's" (Cv. Doc. #1), filed on February 10, 2006, and construed as Motion to Vacate, Set Aside, or Correct Sentence in a Criminal Case. Petitioner argues that an intervening decision applies retroactively and requires that her sentence be vacated. For the reasons stated herein, the motion is due to be dismissed.

**I.**

Defendant plead guilty pursuant to a Plea Agreement (Doc. #78) to conspiracy to possess with intent to distribute cocaine base, and was sentenced on December 12, 1997, to 168 months of imprisonment, 60 months of supervised release, and a $100 special assessment fee. Judgment (Doc. #123) was entered on December 16, 1997. Defendant did not appeal her conviction or sentence. Petitioner's November 9, 1998 Petition under § 2255, and January 11, 1999 Petition under § 2255 were both denied as time-barred.

This dismissal was upheld by the Eleventh Circuit Court of Appeals, which denied issuance of a certificate of appealability on December 7, 1999. (Doc. #195).

On September 22, 2000, defendant filed a "Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582 Based Upon the Safety Valve Statute, 18 U.S.C. § 3553(f) and the Decision of the Supreme Court of the United States in Apprendi v. New Jersey" (Doc. #211). Defendant sought to modify her sentence because: (1) no amount of drugs were alleged in her Indictment, contrary to Apprendi v. New Jersey, 530 U.S. 466 (2000); (2) she improperly received a two point enhancement for possession of a firearm, contrary to Bailey v. United States, 516 U.S. 137 (1995); and (3) she was improperly denied the benefit of the "safety valve" provision of the Sentencing Guidelines. The Court denied the motion for lack of jurisdiction and declined to construe the motion as being a § 2255 petition because it would be untimely under 28 U.S.C. § 2255. The Court also noted that defendant's only new issue, based on Apprendi, was without merit because the Eleventh Circuit had held that Apprendi does not apply retroactively to cases on collateral review. In re Joshua, 224 F.3d 1281 (11th Cir. 2000). On February 6, 2006, the Court issued an Opinion and Order (Doc. #253) denying various miscellaneous motions for relief.

**II.**

Federal prisoners whose convictions became final after April 24, 1996, the effective date of the Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA), have one year from the latest of any of four events to file a § 2255 motion: (1) the date on which the conviction became final; (2) the date on which any government-imposed impediment to making the motion is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. §2255; see also Pruitt v. United States, 274 F.3d 1315, 1317 (11th Cir. 2001).

It is clear that petitioner's § 2255 motion was not filed within one year after her conviction became final.  Petitioner's conviction became final ten days after the filing of the Judgment on December 16, 1997.  Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000).  Giving petitioner the benefit of the "mailbox rule," Houston v. Lack, 487 U.S. 266 (1988), Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001), the Court will deem the instant §2255 motion filed on January 5, 2006, the date petitioner signed the motion while incarcerated.  Even so construed, the §2255 motion was filed over eight years after the expiration of the statute of limitations.

The second event which may start the statute of limitations is "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the

United States is removed." 28 U.S.C. § 2255. Defendant identifies no government-imposed impediment to filing her §2255 motion, much less make a showing that the governmental action was unconstitutional. See Akins v. United States, 204 F.3d 1086, 1090-91 (11th Cir.), cert. denied, 531 U.S. 971 (2000).

As to the third event, the Eleventh Circuit summarized the required showing in Garcia v. United States, 278 F.3d 1210, 1212-13 (11th Cir.), cert. denied, 537 U.S. 895 (2002). The Supreme Court has not recognized any new right which has been held to apply retroactively to a defendant whose conviction became final prior to the decision as further discussed below. The fourth event has not been shown to apply to this case. Finally, defendant has not established any basis to find that the limitations period was equitably tolled. Equitable tolling is appropriate when a motion is untimely filed because of extraordinary circumstances that are both beyond defendant's control and unavoidable even with diligence. Jones v. United States, 304 F.3d 1035, 1039 (11th Cir. 2002), cert. denied 538 U.S. 947 (2003). Defendant has not satisfied her burden in this case.

Because defendant did not file her motion within one year of any of the four events set forth in §2255, and has not shown any equitable reason to toll the limitations period, her motion is untimely and is therefore time-barred.

Even if petitioner's motion under § 2255 were deemed timely, the motion would be denied as successive. A motion for a writ of

habeas corpus pursuant to 28 U.S.C. § 2255 is not available because permission from the Eleventh Circuit is required to file a second or successive § 2255 motion, and no such permission has been sought or granted in this case. As previously noted, this is not petitioner's first request for habeas relief. Additionally, defendant has not demonstrated that there exists newly discovered evidence that would establish innocence or that a new rule of constitutional law has been made retroactive to her case as further discussed below. In re Dean, 341 F.3d 1247, 1248 (11th Cir. 2003); 28 U.S.C. § 2255.

**III.**

Even if the Court were to address the merits, petitioner would not be entitled to relief. Petitioner argues that Bailey v. United States, 516 U.S. 137 (1995) requires the Court to vacate her conviction under 18 U.S.C. § 924(c) because possession of a firearm was not a punishable offense at that time. Petitioner argues that the decision applies retroactively, and even if she cannot raise the claim on collateral review, she is entitled to relief under the Sixth Amendment because the possession of a firearm was not admitted to in the factual basis of her Plea Agreement.

Petitioner was not charged with nor did she plead guilty to possession of a firearm under 18 U.S.C. § 924(c), so Bailey does not apply. Petitioner pled guilty to Count One of the Indictment charging conspiracy to possess with intent to distribute cocaine base. Petitioner received a two level enhancement under United

States Sentencing Guideline § 2D1.1(b)(1) for the specific offense characteristic of possession of a dangerous weapon including a firearm. The factual basis set out in the presentence report states that a Ruger .357 handgun was found in a back bedroom; a 9mm Beretta handgun was found in the trunk of a red Pontiac Fiero parked on the property; a .380 handgun holstered with five rounds of ammunition was found in petitioner's husband's red pickup truck; and a Colt 38 handgun with two loaded magazines and a Winchester 30/30 rifle with 4 boxes of assorted ammunition were found in the master bedroom occupied by petitioner. (Presentence Report, ¶ 30). Petitioner erroneously argues that Bailey applies to the two level enhancement she received for possession of a firearm in a jointly undertaken criminal activity. Bailey is not an intervening decision, having been decided before petitioner was sentenced. Petitioner was not sentenced under § 924(c), but received an enhancement under USSG § 2D1.1(b). See United States v. Mixon, 115 F.3d 900, 902 (11th Cir. 1997)("a defendant who is not convicted of [a] violation of § 924(c), may receive an enhancement of his base offense level for possession of a firearm in connection with a drug offense.")(quoting Mixon v. United States, 926 F. Supp. 178, 180 (S.D. Ala. 1996)). Therefore, the enhancement was proper and petitioner's argument has no merit.

Additionally, petitioner pled guilty pursuant to a Plea Agreement containing a valid, standard appeal of sentence waiver.

(See Doc. #78). Petitioner does not challenge the validity of the Plea Agreement or the sentence waiver.

**IV**.

Petitioner argument that her Sixth Amendment rights were violated is essentially an argument based on the Apprendi[1]/Booker[2]/Blakely[3] line of cases. As previously stated in the Court's February 12, 2001, Order (Doc. #215), petitioner may not retroactively raise this argument on collateral review.

The Eleventh Circuit has held "that Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." Varela v. United States, 400 F.3d 864, 867-68 (11th Cir.)(citing Schriro v. Summerlin, 124 S. Ct. 2519, 2526-27 (2004)), cert. denied, 126 S. Ct. 312 (2005). See also United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005); United States v. Rodriguez, 406 F.3d 1261, 1280 (11th Cir. 2005)("[n]o circuit, . . . has yet to suggest that Booker is retroactively applicable to collateral proceedings, . . . [and], it is highly unlikely that any will."). Since petitioner's case became final prior to Booker, the firearm enhancement issue cannot be raised in a § 2255 petition.

---

[1] Apprendi v. New Jersey, 530 U.S. 466 (2000).

[2] United States v. Booker, 543 U.S. 220 (2005).

[3] Blakely v. Washington, 542 U.S. 296 (2004).

-7-

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's "Memorandum in Support of 28 U.S.C. § 2255 and § 2243 or 2254 Motion's" (Doc. #1) is **DISMISSED** as time-barred and successive and **DENIED** in the alternative on the merits.

2. The Clerk shall enter judgment accordingly and close the civil file. The Clerk shall file a certified copy of the civil judgment in the corresponding criminal case file.

**DONE AND ORDERED** at Fort Myers, Florida, this __3rd__ day of March, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
Parties of Record